**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Hartford Fire Ins. Co., *et al.*, | ) | CASE NO. 1: 11 CV 1137 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Flagstaff Industries, Corp., *et al.*, | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendants. | ) | |

This is an insurance coverage declaratory judgment action.  Pending before the Court is the motion of Defendants Phillip Dubsky, Charles Harper, Juan Norberto, Jang Kongthong, Dan Rose, David Rose, Marvin Speer, and Sonia Tanio to dismiss the case on the basis of lack of subject matter jurisdiction.  (Doc. 4.)  The moving defendants seek dismissal of the case and an award of attorneys' fees pursuant to 28 U.S.C. § 1927.  For the reasons stated below, defendants' motion is denied.

**Background Facts**

This case arises out of a state court class action lawsuit brought in the Ashtabula County Court of Common Pleas under the Telephone Consumer Protection Act (TCPA),

1

*Phillip Dubsky, et al. v. Flagstaff Industries, Corp.*, Case No. 05 CV 00395 ("the underlying action").  The underlying action was filed against Flagstaff Industries, Corp. (Flagstaff) which carried insurance under policies issued by Hartford Fire Insurance Company and Hartford Casualty Insurance Company (collectively, "Hartford").  The underlying action alleged that Flagstaff violated the TCPA and the Ohio Consumer Sales Practices Act by sending unsolicited facsimile advertisements to the plaintiffs and similarly-situated class members.

On May 10, 2006, the state court entered an order certifying the underlying action as a class action and entering judgment against Flagstaff, the only defendant in the case.  (Def. Mot., Appx. A.)  On January 7, 2011, the state court entered an order amending its judgment and setting forth the following "Judgment for Damages:"

> The sum of One Million Dollars ($1,000,000.00) . . . [to] cover payouts to class members in the amount of One Thousand Five Hundred Dollars ($1,500.00) each, under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3), for each recipient of the faxed advertisements transmitted by or on behalf of Flagstaff in the 216 and 440 area codes.  There is a total of approximately two thousand (2,000) class members within the two classes certified herein.

> Plaintiffs, Phil[l]ip Dubsky, Marvin Speer, Charles Harper, Jang Kongthong, Sonia Tanio, David Rose, and Norberto Juan are entitled to incentive fees for their service as class representatives, and are hereby each awarded the sum of Ten Thousand Dollars ($10,000.00) each.

> Attorney Joseph R. Compoli is hereby awarded reasonable attorneys fees in the sum of Two Hundred Thousand Dollars ($200,000.00) and James R. Goodluck is hereby awarded One Hundred Fifty Thousand Dollars ($150,000.00).

(Def. Mot., Appx. B, at pp. 9-10.)

Hartford alleges in this case that on June 11, 2009, the class action claimants sent Hartford a letter demanding that Hartford pay all portions of the judgment entered against

2

Flagstaff in the underlying litigation.  (Complt., ¶ 10.)  On October 9, 2009, Hartford declined

coverage in a declination letter.  (*Id*. at ¶ 12.)  On April 27, 2011, the class claimants' counsel

sent Hartford another letter maintaining that Hartford is responsible as the insurer of Flagstaff

to pay the $1 million state court judgment for all class claims for the period of January 16,

2000 through January 15, 2003, as well as the awarded attorneys' fees plus interest. (*See*

Complt., ¶10.)

     Hartford filed this declaratory judgment action on June 3, 2011, naming as defendants

Flagstaff and individual class claimants in the underlying action.  In its complaint, Hartford

alleges that Flagstaff did not notify it of or demand coverage under Hartford's policies and

that Flagstaff failed to appear, answer, or otherwise defend the underlying action.  Hartford

alleges on information and belief that Flagstaff collusively entered into a "secret settlement

agreement with the plaintiffs in the Underlying Action under which Flagstaff agreed not to

appear or defend in exchange for an agreement [by the plaintiffs in the underlying action] not

to execute any judgment against Flagstaff."  (Complt., ¶ 8.)  Hartford denies that coverage

exists under its policies and alleges that "an actual, real and substantial controversy exists

between the parties as to whether the Hartford Policies provide coverage with respect to the

Underlying Action requiring a judicial declaration setting forth the respective rights and

obligations of the parties under the [policies]."  (Complt., ¶ 14.)

     Hartford alleges this Court has diversity jurisdiction on the basis that there is complete

diversity among the parties and the amount in controversy exceeds the sum of $75,000.

(Complt., ¶ 26.)

     The individual class claimants in the underlying action (*i.e.*, Defendants Dubsky,

Harper, Norberto, Kongthong, Rose, Speer, and Tanio) now move to dismiss the case for lack of subject matter jurisdiction.[1]

### Standard of Review

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asserting "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," *American Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir.2007) (*citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)) that "may be raised at any stage in the proceedings." *Schultz v. General R.V. Center*, 512 F.3d 754, 756 (6th Cir.2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### Discussion

Defendants contend the Court lacks subject matter jurisdiction under the diversity statute, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

---

[1]      Defendant Flagstaff has not filed an appearance in the case.

4

interest and costs."  28 U.S.C. § 1332(a).  In a declaratory judgment action, the amount in controversy is measured by the "object of the litigation."  *Hunt v. Washington State Adver. Comm'n*, 432 U.S. 333, 347 (1977).

Defendants contend the amount in controversy requirement is not satisfied because "no individual claimant or class member in the underlying [action] was granted damages representing a 'sum or value in excess of $75,000.'"  (Def. Br. at 4.)  According to defendants, in order "[t]o satisfy the amount in controversy requirement, one plaintiff's claim must independently meet the amount-in-controversy specification."  (Def. Br. at 6, *quoting Everett v. Verizon Wireless Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).)  Defendants contend this is not the case here because the maximum potential claim by "any individual party" in the underlying action is only $11,500 ($1500 for TCPA violations plus $10,000 for service as a class representative).  (Def. Br. at 6.)

Defendants contend the "claims" of the multiple plaintiffs in the underlying action may not be aggregated for purposes of establishing the amount in controversy.  (Def. Br. at 7.) Likewise, defendants contend the state court's award of attorneys' fees "may not be aggregated" but "must be *pro rated* across members of the class" because the underlying class claims are not "common and undivided" but are "separate and distinct." (*See* Def. Br. at 8.)

Hartford on the other hand contends the amount in controversy is satisfied because it is the plaintiff in the case and from its perspective the value of the controversy is $1.35 million, the total amount the state court class claimants in the underlying action maintain Hartford is obligated to pay under its policies with Flagstaff.  Hartford contends that its own assertion of the amount in controversy controls, unless the class action claimants establish "it

5

is a legal certainty that the dispute between Hartford and Flagstaff is for less than $75,000.00."  (Pltf. Opp. at 5.)

Although Hartford does not cite any case authority finding the amount in controversy satisfied on similar facts, the Seventh Circuit's decision in *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006) supports Hartford's position.  In *Meridian*, the Seventh Circuit considered whether the amount in controversy was satisfied in a declaratory judgment action brought by an insured (Meridian) seeking a declaration that it had no duty to defend or indemnify an insured against a pending state court class action alleging violations of the TCPA.  The state court class action sought damages for unsolicited advertising faxes sent by Meridian's insured to a class of "more than 50" recipients.  Reversing the decision of the district court, the Seventh Circuit held that the jurisdictional amount in controversy was satisfied in the federal declaratory judgment action because the insurer's total potential indemnity obligation in the pending state court class action exceeded the $75,000 jurisdictional threshold.  The insurer calculated the stakes of its federal suit by multiplying $1500 (the maximum recovery per unsolicited fax under the TCPA) by 51 (the minimum number of class members claimed in the state class action), yielding a total of $76,500.  The Seventh Circuit found this a proper calculation of the amount in controversy, stating that "[m]any decisions in this and other circuits count the potential outlay for indemnity toward the amount in controversy, whether or not adjudication about indemnity should be deferred until the state case is over."  *Meridian*, 441 F.3d at 539.

In support of their position that the jurisdictional amount in controversy requirement is not satisfied, defendants rely on Sixth Circuit law prohibiting multiple plaintiffs from

6

aggregating the value of their claims to establish the amount in controversy and this Court's decision in *McPhillips v. Travelers Property Casualty Insurance Co.*, Case No. 1: 07 CV 1618, 2007 WL 2407071 (N.D. Ohio Aug. 22, 2007).

In *McPhillips*, multiple plaintiffs, like the state court class action claimants here,[2] obtained a state court judgment against an insured (Prime TV, LLC) for violations of the TCPA.  The state court judgment entry awarded each plaintiff a separate amount of money, but no plaintiff was entitled to recover more than $75,000.  The state court class action plaintiffs then filed a declaratory judgment action in state court against Prime Time's insurance company, Travelers, seeking a declaration that Travelers was obligated to pay the judgment against Prime Time under the terms of an insurance policy.  Travelers removed the case to this Court, but the Court remanded, finding that the diversity statute's amount in controversy requirement was not satisfied.

The Court reached its decision on the basis of "well settled" Sixth Circuit law that "multiple plaintiffs cannot combine their damages claims to meet the amount in controversy requirement save when they share a common and undivided interest in them."  *See McPhillips*, 2007 WL 2407071, at *1, *quoting Everett v. Verizon Wireless Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).  In *Everett*, multiple cellular phone customers brought suit against phone companies alleging that they were improperly charged for calls that were not answered or were busy.  Plaintiffs sought damages, injunctive relief, disgorgement, and restitution.  The phone companies removed the case to federal court.  None of the individual plaintiff's claims

---

[2]

In fact, the plaintiffs in *McPhillips* included one of the state court claimants in this case (Jang Konthong) as well as Joseph R. Compoli, one of the state court claimants' lawyers.

7

amounted to more than $75,000, but the district court concluded that the amount in controversy was satisfied because plaintiffs' disgorgement claims could be aggregated.  The district court denied a motion to remand the case, but the Sixth Circuit reversed, finding that the disgorgement claims could not be aggregated.  The Sixth Circuit stated:

> Aggregation is permitted 'where there is *not only* a common fund from which the plaintiffs seek relief, but where the plaintiffs *also have a joint interest in that fund*, such that if plaintiffs' rights are not affected by the rights of co-plaintiffs then there can be no aggregation.  In other words, the obligation to the plaintiffs must be a joint one.

*Everett*, 460 F.3d at 824.  The Sixth Circuit found that neither the plaintiffs' disgorgement nor punitive damages claims satisfied that test.

Guided by *Everett*, this Court found in *McPhillips* that Travelers could not aggregate the judgment awards in the state court TCPA class action to establish the amount in controversy on removal of the class claimants' suit.  The Court found that the class claimants' claims could not be aggregated because the claimants did not jointly own or have a joint right to collect the underlying state court judgment:

> [T]he plaintiffs in the present case do not 'jointly own' or have a joint right' to collect on the judgment.  Rather, the judgment expressly identifies the amount each [plaintiff] is entitled to collect.  The Court notes that the judgment is premised on separate violations of the TCPA.  Moreover, defendant does not claim that the plaintiffs may only pursue this action collectively.  In short, while the legal issues may significantly overlap, and judicial economy may be served by proceeding collectively, these reasons are not sufficient to create a 'common and undivided' interest.  Accordingly, the Court concludes that, on the facts of this case, aggregation is not permissible.  As a result, the amount in controversy is not satisfied and the Court lacks jurisdiction over this matter.

*McPhillips*, 2007 WL 2407071, at *4.[3]

---

[3]

While neither *Everett* nor *McPhillips* specifically addressed attorneys' fees or how/whether attorneys' fees awarded in an underlying TCPA state court action should be

8

Hartford distinguishes *McPhillips* on the basis that *McPhillips* was a removed case, whereas, this declaratory judgment action was originally filed by Hartford in federal court. Hence, as Hartford points out, it is the plaintiff in this federally-filed declaratory judgment case (not the class action claimants in the underlying action), and from its perspective, the stakes of this controversy well exceed $75,000 because it is being asked to pay a total of $1.35 million in damages and fees under its policies.

Hartford is correct that, in general, the amount in controversy in a case is to be determined "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect."  *See Smith v. Nationwide Prop. and Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007).  Furthermore, the Seventh Circuit held in *Meridian* that the anti-aggregation rule did not apply in the same context because an insurer's declaratory judgment action seeking a declaration as to its obligations under an insurance policy with its insured is, in effect, a single claim by an insurer against a single defendant, its insured.  In finding the jurisdictional amount in controversy satisfied in this context and rejecting the argument that exercising subject matter jurisdiction violated the anti-aggregation rule, the *Meridian* court stated:

> Appellees offer additional arguments in defense of their judgment, as they are entitled to do.  One is that, because none of the class members would be entitled to recover more than $1,500, the rule against aggregating multiple litigants' claims to reach the jurisdictional floor . . . prevents a federal court from exercising jurisdiction.  Yet Meridian has not aggregated multiple parties' claims.  From its perspective there is only one claim – by its insured,

---

treated for purposes of calculating the amount in controversy, defendants cite a case from this district holding that attorneys' fees, like damage awards, may not be aggregated but must be apportioned among class members for purposes of determining the amount in controversy on removal.  *See Crosby v. America Online Inc.*, 967 F.Supp. 257 (N.D. Ohio 1997).

> for the sum of defense and indemnity costs.  *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347-48, 97 S. Ct. 2434, 53 L.Ed2d 383 (1977), hold that the anti-aggregation rule does not apply to a federal declaratory-judgment action between a single plaintiff and a single defendant, just because the unitary controversy between these parties reflects the sum of many smaller controversies.  No more need be said on this subject.

*Meridian*, 441 F.3d at 539.

*Meridian* is on point and persuasive to show that diversity jurisdiction exists in this similar federally-filed declaratory judgment suit.  Although Hartford did not specifically cite to *Meridian*, Hartford makes the same argument *Meridian* endorsed; namely, that where the insurer files a federal declaratory judgment action seeking a determination as to its obligations under a policy with an insured, the "dispute . . . is [one] between [one plaintiff and one defendant,] Hartford and Flagstaff."  (Pltf. Opp. at 3.)  Here, Hartford argues that it "filed this action against Flagstaff seeking a judicial declaration that it has no duty to indemnify Flagstaff for the amount of the Judgment."  (*Id*.)  It "named the Class Action Claimants as additional defendants [only] in order to bind them to any coverage determination and to give them their day in court on coverage issues."  (*Id*.)

*Meridian* shows that in the context presented here, federal subject matter exists.  A single plaintiff (Hartford) may aggregate all its claims against a single defendant (Flagstaff) in calculating the amount in controversy even if the controversy between these parties reflects the sum of many smaller controversies (the judgments awarded to the class action claimants against Flagstaff in the underlying action).  The overall economic value of the controversy from Hartford's perspective is the total scope of Hartford's potential indemnity costs under its policies with Flagstaff, *i.e*., here, the total amount of the judgments awarded to the class claimants in the underlying action.  As these potential indemnity costs exceed the minimum

10

jurisdictional amount, as determined in *Meridian*, federal subject matter exists.

Citing to this Court's decision in *McPhillips,* the moving defendants contend there is no distinction between removal and declaratory judgment actions in terms of calculating the amount in controversy and this Court already found that the anti-aggregation rule precludes federal jurisdiction.  (*See* Def. Rep. at 3.)

In reaching its decision in *McPhillips*, this Court specifically found persuasive the reasoning of the district court in *National Union Fire Insurance Co. v. ESI Ergonomic Solutions, LLC*, 342 F. Supp.2d 853 (D. Ariz. 2004).  *National Union* held that the anti-aggregation rule applied in determining the amount in controversy, both in a removed state court garnishment action seeking to enforce an underlying state court judgment against an insured, *and* in a federally-filed declaratory judgment suit brought by the insurer.  *See National Union*, 342 F.Supp.2d at 863-65.  This Court stated in *McPhillips*:

> This Court finds the reasoning of . . . *National Union Fire Ins. Co. of Pittsburgh v. ESI Ergonomic Solutions, LLC*, 342 F. Supp.2d 853 (D. Ariz. 2004) persuasive.  In a case remarkably similar to the present, a class of plaintiffs obtained a state court judgment against an insured for violation of the Telephone Consumer Protection Act.  The total value of the judgment equaled over $40 million, but each individual claim approximated only $500.  The plaintiffs brought a state court garnishment action against the insured and the insurer.  The insurer filed a declaratory judgment action in federal court and removed the garnishment action.  In a thorough analysis, the court concluded that it lacked jurisdiction over *both* matters because the interests of the plaintiffs were not 'common and undivided.'  Specifically, the court reasoned that because plaintiffs' claims are 'cognizable, calculable, and correctable individually,' aggregation is not proper.  The court noted that the plaintiffs did not suffer a single indivisible group injury.  Rather, they each suffered a separate and individual violation of the Telephone Consumer Protection Act.  The fact that the action were based on a single judgment was 'an artifact of the class action and not a characteristic of the plaintiffs' interest in the judgment.'

*McPhillips*, 2007 WL 2407071, at \*3.[4]

However, *McPhillips* itself did not involve a federally-filed declaratory judgment action brought by an insurer but, rather, decided the issue of subject matter jurisdiction in the context of a removed declaratory judgment case brought by plaintiff-claimants in an underlying state court action.  Therefore, *McPhillips* did not determine that subject matter does not exist in the context presented here (a federally-filed declaratory judgment action brought by an insurer against an insured).  Furthermore, *National Union*'s holding that an insurance company plaintiff may not aggregate multiple claims to satisfy the amount in controversy in a federally-filed declaratory judgment action pertained only to the insurer's suit as against class claimants; the *National Union* court found the insurer's declaratory judgment action against its insured precluded on other grounds (specifically, the lack of a justiciable case and controversy, which has not been argued here).  *See National Union*, 342 F.Supp.2d at 861-65.

In sum, *McPhillips* and *National Union* are distinguishable, but *Meridian* is on-point, persuasive, court of appeals authority demonstrating that the amount in controversy is satisfied.  For the reasons stated in *Meridian*, federal diversity jurisdiction exists in this case.

Defendants make the alternative argument that the Court should decline to hear this

---

[4]

This Court also expressly disagreed with reasoning of the Fourth Circuit in *Manufacturers Cas. Ins. Co. v. Coker*, 219 F.2d 631 (4th Cir. 1955).  *Coker* involved a declaratory judgment action brought by an insurer seeking a declaration of no duty to defend or pay state court judgments awarded to multiple plaintiffs in state court.  The Fourth Circuit held that the plaintiffs' claims should have been aggregated because the amount in controversy was the limit of liability in the applicable insurance policy, which exceeded the jurisdictional amount in controversy threshold at the time.  This Court found the reasoning of *National Union*, not *Coker*, persuasive and applicable.

12

declaratory judgment action even if subject matter jurisdiction exists.  According to

defendants, the Sixth Circuit "declared" in *Travelers Ind. Co. v. Bowling Green Prof. Ass.,*

*PLC*, 495 F.3d 266 (6th Cir. 2007) that "district courts should generally decline to exercise

jurisdiction" in declaratory judgment actions "in regard to insurance policies" because "state

courts are better suited to adjudicate issues of insurance interpretation."  (Def. Br. at 9.)  This

was not the holding in *Bowling Green*.  Rather, *Bowling Green* held that the district court

abused its discretion in exercising jurisdiction over a declaratory judgment action involving

an insurance coverage dispute because the five factors considered by district courts in

determining whether to exercise jurisdiction in declaratory judgment actions weighed in favor

of declining jurisdiction.[5]  Critical to the Sixth Circuit's determination in this regard was that

the declaratory judgment would not have fully settled a pending, underlying state court

controversy between all parties and would not have served a useful purpose in clarifying the

legal relations at issue.[6]  In contrast, in this case, there is no longer any pending state court

controversy to be settled.  The only controversy that exists between the parties here is whether

Hartford is obligated to pay the state court judgments under the terms of Hartford's policies

with Flagstaff.  A declaratory judgment would settle that issue and serve a useful purpose in

---

[5]

    The five factors include:  (1) whether the declaratory action would settle the
controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the
legal relations in issue; (3) whether the declaratory remedy is being used merely for the
purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4)
whether the use of the declaratory action would increase friction between our federal and state
courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative
remedy which is better or more effective.  *Bowling Green*, 495 F.3d at 271.

[6]

    Likewise, an ongoing, pending state court controversy existed in *Royal Surplus Line
Ins. Co. v. U.S. Four Inc*., 614 F.Supp.2d 875 (S.D. Ohio  2007) cited by defendants.

clarifying the legal relations at issue.  There is no demonstrated reason for the Court to decline jurisdiction.

Finally, defendants' request for an award of attorneys' fees under 28 U.S.C. § 1927 on the basis that Hartford's filing in federal court was frivolous is not well-taken.  For the reasons discussed above, Hartford's filing in federal court was not frivolous.

**Conclusion**

For all of the foregoing reasons, defendants' motion to dismiss the case for lack of subject matter jurisdiction and requesting an award of attorneys' fees is denied.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/22/11