IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE CO., et al. | ) | CASE NO. 1:11-cv-1137 |
| | ) | |
| Plaintiffs | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | **HARTFORD'S MEMORANDUM IN** |
| | ) | **OPPOSITION TO DEFENDANTS'** |
| FLAGSTAFF INDUSTRIES CORP., et al., | ) | **MOTION FOR JUDGMENT ON THE** |
| | ) | **PLEADINGS** |
| Defendants | ) | |

**I.      Introduction**

In addition to the reasons set forth in support of Hartford's Motion for Judgment on the Pleadings, which Hartford relies on and incorporates herein by reference, the TCPA Claimants are not entitled to judgment on the pleadings because:

> 1) there is no "property damage" coverage for TCPA treble damages because willful TCPA violations are not an accidental "occurrence" but rather an "expected or intended injury";
>
> 2) the Pennsylvania Superior Court has held that TCPA violations are not entitled to "personal and advertising injury" coverage; and
>
> 3) even if the Hartford Policies could arguably provide coverage for TCPA violations, Hartford's pleadings set forth allegations and affirmative defenses which preclude the TCPA Claimants from obtaining judgment on the pleadings.

1

## II. Law & Argument

### A. A judgment awarding treble damages for willful TCPA violations does not arise out of an accidental "occurrence".

The TCPA Claimants argue that Ohio law would not preclude "property damage" coverage for the Judgment. If true (which Hartford disputes), then Ohio law conflicts with Pennsylvania, and the Pennsylvania decisions control.

But even under Ohio law, there can be no "property damage" coverage. The Judgment is for statutory treble damages and thus necessarily for a "willful" violation of the TCPA. *See* 42 U.S.C. 227(b)(3). And the TCPA Claimants cannot plausibly argue that Flagstaff "willfully" sent unauthorized faxes without expecting that those faxes would consume the recipients' fax paper, toner, electricity, or tie up their fax machines. Indeed, the TCPA Claimants' Complaint against Flagstaff repeatedly alleged that Flagstaff willfully and knowingly committed "conversion [and] property damage" through the "unlawful taking" of the TCPA Claimants' fax paper, toner, and electricity, and "unauthorized use" of their fax machines. (Complaint, Doc. #1-1, ¶¶22, 25, 26 38, 40). The Judgment found these allegations to be true by default, granted treble damages, and thus judicially established the deliberate and willful nature of Flagstaff's conduct…and the expected or intended damages necessarily inflicted. (Doc. #1-2).

The TCPA Claimants rely on *Physicians Ins. Co. v. Swanson*, 58 Ohio St.3d 189, 193, 569 N.E.2d 906 (1990), but that decision actually supports Hartford's position. *Swanson* involved a boy who shot a BB gun, without aiming at or intending to hit anyone, but accidentally struck another youth. *Id.*, 58 Ohio St.3d at 193 ("[W]hile the insured intentionally fired a BB gun in the direction of the injured person, the injury itself was neither intended nor substantially certain to occur.") Although *Swanson* distinguished between a volitional act and an unexpected

result, it nevertheless agreed that coverage would not apply "where the injury itself was expected or intended." *Id.*

Here, the TCPA Claimants cannot claim that Flagstaff "shot" its faxes without aiming, or without intending or expecting to "hit" anyone; indeed, the very nature of a TCPA treble damage claim is that recipients were knowingly "targeted" without permission, and were "hit" by the use phone lines, fax machines, paper and toner to print the unauthorized faxes.

Notably, *Swanson* uses the phrases "expected" and "substantially certain to occur" interchangeably. *See also Penn Traffic Co. v. AIU Ins. Co.,* 99 Ohio St.3d 227, 2003-Ohio-3373 at ¶6 ("Where substantial certainty exists, intent to harm will be inferred as a matter of law.") Consequently, the Hartford Policies' exclusion of coverage for damages that are "expected *or* intended" applies both to damages that are purposefully intended, and to damages that are expected or "substantially certain."

In that regard, the TCPA's authorization of statutory damages recognizes a damage so inherent in the transmission of unauthorized faxes as to be expected and "substantially certain to occur," if not deliberately intended. As succinctly explained in *Maryland Cas. Co. v. Express Products, Inc.*, Nos. 09-857/08-2909, 2011 U.S. Dist. LEXIS 108048 (E.D. Pa, Sept. 22, 2011):

> The transmission of a fax cannot be completed without using toner and paper. Moreover, sending a fax ties up the recipient's fax machine during the transmittal. This conduct was clearly intentional ***and the consequences thereof were natural and expected***.

*Id.,* at *50 (***emphasis*** added).

Having recovered statutory treble damages, the TCPA Claimants cannot plausibly argue that Flagstaff's "conversion" and "unauthorized taking" of their toner and paper, and

3

"unauthorized use" of their fax machines, was accidental and unexpected. The use of the TCPA Claimants' supplies and equipment was at least expected, if not specifically intended.

Consequently, even applying Ohio law, there can be no coverage for the Judgment because Flagstaff's unauthorized faxes were not accidental "occurrences" and were at least expected, if not deliberately intended, to cause the damages remedied by the Judgment.

The cases the TCPA Claimants recite as finding "potential" coverage are inapplicable because they pertain to the broader, pre-judgment duty to defend, not the duty to indemnify—which the TCPA Claimants acknowledge *this* case is about. While the TCPA Claimants cite several cases finding a duty to defend due to the breadth of allegations and uncertain factual circumstances, the TCPA Claimants offer *no* authority—from any jurisdiction—suggesting that CGL "property damage" coverage must indemnify against a judgment awarding treble damages for willful TCPA violations.

For example, the TCPA Claimants make much of the trial court decision finding a duty to defend in *Telecommunications Network Design & Paradise Distributing, Inc. v. The Brethren Mut. Ins. Co.*, 2007 WL 7281779, Pa. Comm. Pl. No. 03503 (May 10, 2007)(Defendants' Supp. Exhibits, Doc. # 34-7). But a close reading of the case refutes any argument of coverage in this case. The court held there was a question of fact concerning whether the fax transmissions constituted an accidental "occurrence" because the advertiser had hired a third party to conduct the fax ad campaign, and it was unclear what instructions and/or permission the third party had received. Nevertheless, the court's ruling anticipates that coverage would *not* apply "[once] it becomes clear that [the insured] intentionally transmitted its advertisements." *Id.* at pp. 4-5).

The cases the TCPA Claimants cite from other jurisdictions are similarly distinguishable, addressing the broader duty to defend, not indemnification. *See, e.g.*, *Park University Enterp., Inc. v. Amer. Cas. Co.,* 442 F.3d 1239 (10th Cir. 2006)(duty to defend applied where business asserted a reasonable belief that its fax advertisements were solicited and/or permitted); *Pekin Ins. Co. v. XData Solutions, Inc.,* 2011 Ill. App. 102769, 958 N.E.2d 397, 404 (2011)(noting allegations of complaint against insured were sufficient to trigger duty to defend); *see also Ins. Corp. v. Shelborne Assocs.*, 389 Ill. App. 3d 795, 802 (Ill. App. Ct. 1st Dist. 2009)(Duty to defend existed where insured "believe[d] that its fax advertisements were authorized" but ruling on duty to indemnify was premature where questions of fact existed as to intent and permission).

Thus, while questions of fact may impose a duty to defend, there is no accidental "occurrence" and no "property damage" coverage for TCPA claims "[once] it becomes clear that [the insured] intentionally transmitted its advertisements." *Telecommunications*, *supra*. Because the Judgment here is for treble damages due to willful TCPA violations, there is no accidental "occurrence", and the "expected or intended injury" exclusion applies, so that there is no "property damage" coverage under the Hartford Policies for the Judgment, regardless which state's law is applied.

### B. Pennsylvania has rejected the view that TCPA violations are subject to "personal and advertising injury" coverage.

The TCPA Claimants argue that the national majority view is that TCPA violations are an invasion of privacy subject to "personal and advertising injury" coverage, citing cases following the rationale of *Valley Forge v. Swiderski Electronic, Inc.,* 223 Ill.2d 352 (2006), including *Motorists Mut. Ins. Co. v. Dandy-Jim, Inc*., 182 Ohio App. 3d 311, 321, 912 N.E.2d 659 (8th Dist. 2009).

But the TCPA Claimants conveniently ignore that in 2010, the Pennsylvania Superior Court interpreted identical policy language to that presented here, expressly rejected the analysis in both *Valley Forge* and *Dandy-Jim*, adopted the analysis of the federal district court in *Melrose Hotel Co. v. St. Paul Fire and Marine Insurance Company*, 432 F.Supp.2d 488 (E.D. Pa. 2006), and held that TCPA violations do ***not*** constitute "publication of material which violates a person's right to privacy", stating:

> After a review of these cases, this Court is persuaded by the decision of the United States District Court for the Eastern District of Pennsylvania in ***Melrose Hotel Company v. St. Paul Fire and Marine Insurance Company,*** 432 F.Supp.2d 488 (E.D. Pa. 2006).… A number of courts have held that because the TCPA protects some form of privacy interests, TCPA violations are covered under the "advertising injury" provisions. … However, while we agree with this reading of Congressional intent, Congress's intent in enacting the TCPA does not control the issue of what the parties agreed to in entering into the insurance contracts.

*Telecomms. Network Design & Paradise Distrib. v. Brethren Mut. Ins. Co*., 2010 PA Super 155, 5 A.3d 331, 336 (2010)(internal citations omitted). *See also Maryland Cas. Co. v. Express Products, Inc*., Nos. 09-857/ 08-2909, 2011 U.S. Dist. LEXIS 108048 (E.D. Pa, Sept. 22, 2011)(applying *Melrose* and *Telecomms. Network*).

Accordingly, applying the law of Pennsylvania as set forth by the Pennsylvania Superior Court, the Hartford Policies do not provide "personal and advertising injury" coverage for the Judgment.

### C. Hartford's allegations and affirmative defenses preclude the TCPA Claimants from judgment on the pleadings.

Out of an abundance of precaution, Hartford is compelled to point out that even if it were somehow not entitled to judgment on the pleadings, Hartford's Complaint and Answer to Counterclaim set forth allegations and affirmative defenses which, construed most favorably in

6

Hartford's favor, preclude the TCPA Claimants from judgment on the pleadings. *Paskvan v. Cleveland Civil Service Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991). Among other things, Hartford has alleged that Flagstaff failed to provide timely notice, failed to cooperate, engaged in collusion and secret agreements with the TCPA Claimants and their counsel, and that the Judgment is not binding against Hartford. (Complaint, ¶¶ 6-8, 46-49). In light of their delay of more than three years in notifying Hartford of the Judgment, Hartford's answer to the TCPA Claimants' Counterclaim also asserts that any claim against the Hartford Policies for the Judgment is barred by the applicable statute of limitations, waiver and estoppel, and laches, as well as by fraud, misrepresentation, bad faith, and collusion.

Accordingly, even if the court were to determine that the Hartford Policies might conceivably provide coverage for a TCPA violation, questions remain as to the specific Judgment in this case, including the conduct of Flagstaff and the TCPA Claimants and the resulting prejudice to Hartford, which would preclude the TCPA Claimants from obtaining judgment on the pleadings.

### III. Conclusion

The TCPA Claimants do not dispute that Pennsylvania is the state with the most "significant contacts" to the Hartford Policies, so that in the event of conflict with Ohio law, Pennsylvania law controls the interpretation of the Hartford Policies. As discussed above, no state requires indemnity coverage for TCPA treble damages as "property damage," because such damages are necessarily willful and deliberate, not accidental. Moreover, Pennsylvania conflicts with Ohio—and thus controls in this case—in determining that TCPA violations do not constitute "personal and advertising injury." For the foregoing reasons, the TCPA Claimants'

7

Motion for Judgment on the Pleadings should be denied, and Hartford's Motion for Judgment on the Pleadings should be granted.

>Respectfully submitted,
>
>*/s/ Richard M. Garner*_____
>RICHARD M. GARNER (0061734)
>rgarner@davisyoung.com
>KURT D. ANDERSON (0046786)
>kanderson@davisyoung.com
>DAVIS & YOUNG
>1200 Fifth Third Center
>600 Superior Avenue, East
>Cleveland, OH 44114
>(216) 348-1700 * Fax: (216) 621-0602
>
>*Counsel for Plaintiffs Hartford Fire Insurance Co. and Hartford Casualty Insurance Co.*

## CERTIFICATION BY COUNSEL

Pursuant to Local Rule 7.1(f), the undersigned hereby certifies that this matter has been assigned to the Standard Track, and the accompanying Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings does not exceed 20 pages.

>Respectfully submitted,
>
>*/s/ Richard M. Garner*_____
>RICHARD M. GARNER (0061734)

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of March, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Respectfully submitted,

    */s/ Richard M. Garner*
    RICHARD M. GARNER (0061734)
    rgarner@davisyoung.com
    KURT D. ANDERSON (0046786)
    kanderson@davisyoung.com
    DAVIS & YOUNG
    1200 Fifth Third Center
    600 Superior Avenue, East
    Cleveland, OH 44114
    (216) 348-1700 * Fax: (216) 621-0602

    *Counsel for Plaintiffs Hartford Fire Insurance Co. and Hartford Casualty Insurance Co.*